**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| JUDY HELSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-071-BL |
| | § | ECF |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed April 8, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief in support of her complaint on October 27, 2011 (Doc. 22). Defendant filed a brief on November 28, 2011 (Doc. 23). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on April 8, 2011 (Doc. 6), and September 21, 2011 (Doc. 19). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

**I.   STATEMENT OF THE CASE**

Plaintiff protectively filed an application for benefits on November 28, 2008, alleging disability beginning October 1, 2008. Tr. 121. Plaintiff's application was denied initially and upon

reconsideration. Tr. 61, 72. Plaintiff filed a Request for Hearing by Administrative Law Judge on April 9, 2009, and this case came for hearing before the Administrative Law Judge ("ALJ") on February 2, 2010. Tr. 91-92, 36-57. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 40-51. A vocational expert ("VE"), appeared and provided expert testimony. Tr. 51-55. The ALJ issued a decision unfavorable to Plaintiff on October 30, 2009. Tr. 7-16.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff had not engaged in substantial gainful activity at any time since October 1, 2008. Tr. 19-31. Plaintiff has "severe" impairments, including general axiety disorder; panic disorder with agoraphobia; affective disorder; obesity; and degenerative disc disease. Tr. 21, Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 22. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 23. He discussed Plaintiff's mental impairments, whether they met the criteria of Listings 12.04 and 12.05 of the Listing of Impairments, and the limitations imposed by such impairments therein. Tr. 22-23. The ALJ specifically found that Plaintiff did not meet either part B or part C of the criteria required by Listings 12.04 and 12.05 of the Listing of Impairments to establish presumptive disability. *Id.* The ALJ found that Plaintiff has a mild restriction in the activities of daily living; a moderate restriction in social functioning; a mild difficulty with

concentration, persistence, or pace; no episodes of decompensation. Tr. 22-23. The ALJ found that Plaintiff can understand, remember, and carry out detailed instructions and can make judgments on detailed work-related decisions. Tr. 22.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible insofar as they conflicted with the RFC determination. Tr. 24. The ALJ noted that Plaintiff's "subjective complaints of pain are grossly out of proportion to the objective medical evidence." Tr. 28. The ALJ found that Plaintiff could not return to her past relevant work as an LVN. Tr. 29-30. He noted that Plaintiff, a "younger individual" at her alleged disability onset date, would become an "individual closely approaching advanced age" on May 20, 2010, with a high school education, the ability to speak English, and possesses transferable skills which were identified by the vocational expert. 20 C.F.R. §§ 404.1563-404.1564; §404.1568 ; Tr. 30.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical exertional requirements of light work subject to the following limitations: Plaintiff can stand and or walk for at least two hours during an eight-hour workday, but must be able to periodically alternate sitting and standing; Plaintiff can only occasionally climb ramps or stairs, balance, crouch, crawl, or stoop; she cannot climb ladders, ropes or scaffolds; cannot work around excessive heat or cold, hazardous moving machinery or at unprotected heights; and can have only occasional contact with the public and co-workers. Tr. 23.

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which exists in the national economy, such as medical assistance and unit clerk. Tr.

30. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 31.

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 7, 2010. Tr. 15. The Appeals Council denied Plaintiff's request and issued its opinion on January 7, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 6-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

On May 15, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 31.

### III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider, evaluate, and make findings as to the limitations imposed by all of her impairments, thus causing the ALJ to err in making the RFC determination. Plaintiff specifically argues that she suffers from fibromyalgia, Epstein-Barr Virus ("EBV"), chronic fatigue syndrome ("CFS"), urinary incontinence, and hypertension, and the ALJ failed to determine whether these were medically determinable impairments, whether these were "severe" impairments and whether such impairments limited Plaintiff's ability to perform work related activity.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

    **A.**    **Whether the ALJ failed to appropriately consider and evaluate all Plaintiff's impairments in making his step 2 and step 3 determinations**.

Plaintiff argues that the ALJ failed to evaluate all of her impairments and the limitations imposed, thus failing to address fibromyalgia, EBV, CFS, urinary incontinence, and hypertension. Plaintiff argues that if the ALJ had considered these conditions as severe impairments, he would have found her RFC was further limited by fatigue and low energy.

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In her disability report, Plaintiff alleges that her ability to work was limited by "major depression, anxiety, obesity, chronic pain, [and] panics." Tr. 157. In her disability report for her appeal, Plaintiff alleged that she has severe depression and pain and cries all the time. Tr. 191. Plaintiff testified at the hearing that she has a lot of physical pain and problems with depression which affected her ability to work. Tr. 43.  Plaintiff testified that she has CFS and EBV and as a result is tired all the time. Tr. 49-50.

In his opinion, the ALJ noted Plaintiff's history of chronic back, hip, and knee pain. Tr. 24. The ALJ noted Plaintiff's reports of pain to the consultative examiner, Richard D. Trifilo, M.D. Tr. 25.  The ALJ discussed Dr. Trifilo's findings upon examination, and his opinion that Plaintiff's stated pain did not correlate with such findings. Tr. 27.  The ALJ discussed Plaintiff's testimony and subjective complaints of pain, finding them "grossly out of proportion to the objective medical evidence." Tr. 28. However, the ALJ found that Plaintiff's statements about her pain level were not

corroborated by medical evidence, Plaintiff's statements to treating sources, and medical source opinions. Tr. 28. The ALJ found that Plaintiff's complaints of pain were not entirely credible. *Id*.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The ALJ's credibility determination is supported by substantial evidence in the record.

While the record contains references to complaints of incontinence and hypertension, Plaintiff did not allege, and the evidence does not indicate that either of these conditions in any way affected Plaintiff's ability to perform work activity. Plaintiff's representative was given the opportunity to elicit further testimony from the Plaintiff and did not address either hypertension or incontinence. Given the lack of evidence in the record to support any limitations imposed on these impairments, and given that any limitations imposed by such impairments were not raised in the application, disability report, appeal disability report, or the hearing, it is clear that the ALJ did not err by failing to otherwise address these issues, make a severity finding, or ascribe any separate limitations to such impairments.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. See 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id*. The ALJ's opinion indicates that he indeed considered all of Plaintiff's impairments in finding that Plaintiff was not presumptively disabled through application of the Listing of Impairments. The ALJ's opinion also indicates that he considered the limitations supported by the medical record of evidence in making his RFC determination. The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). While there are references in the record to Plaintiff's EBV, CFS, hypertension and urinary incontinence, the record demonstrates that Plaintiff's medical treatment providers and the consultative examiner did not note any specific limitations imposed by such impairments, nor did Plaintiff allege any limitation imposed by either her hypertension or incontinence. Moreover, the ALJ specifically addressed Plaintiff's complaints of fatigue and pain in making his credibility and RFC determinations.

The court finds that the ALJ did not err by failing to further address, evaluate, or ascribe limitations imposed by Plaintiff's fibromyalgia, EBV, CFS, urinary incontinence, or hypertension in making the severity and RFC findings, and such findings are supported by substantial evidence in the record.

Moreoever, the ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).   As such, the ALJ did not err in relying upon the testimony of the VE to find, at step 5 of the sequential evaluation analysis, that Plaintiff retains the RFC to perform work which exists in the national economy.  The ALJ did not err in finding that Plaintiff was therefore not disabled, and his opinion is supported by substantial evidence.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed April 8, 2011 (Doc. 2), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 21st day of August, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**